UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 100REPORTERS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br><br>Defendant. | Civil Action No. 19-1753 (RDM) |

# EXHIBIT D

| | |
|---|---|
| **From:** | Peterson, Benton (USADC) |
| **To:** | Gunita Singh |
| **Cc:** | Katie Townsend; Caitlin Vogus; Lieberman, Michael D |
| **Subject:** | RE: Good to meet you (case 1:19-cv-01753) |
| **Date:** | Thursday, April 9, 2020 3:02:45 PM |
| **Attachments:** | FOIA_F-2017-17811-INVEST-IRAQ-170101-190731_RE-RELEASE.xlsx |

Gunita,

I hope you are doing well and staying healthy during this public health crisis.

With apologies for the delay, please find attached a corrected version of the Iraq spreadsheet.  As we've discussed, the version of the Iraq spreadsheet that was previously sent to you was inadvertently sent without redactions of cells containing information exempt under 5 U.S.C. § 552(b)(7)(F).  The attached, corrected version contains additional redactions.  The redactions are more extensive than those described to you in our earlier correspondence, but are the result of extensive consultations within the State Department to ensure that redactions were applied only to the extent appropriate under FOIA and necessary to protect individual safety.  In short, the redactions aim to protect the identities of individuals whose physical safety would be at risk if it were publicly known that they received or requested assistance from the U.S.  We appreciate your patience and cooperation as we made this correction, and again ask that you delete the inadvertently released version, or, at a minimum, do not distribute or publicly release the now-redacted information, in light of the risk that such a release would pose to the life or physical safety of multiple individuals.

On another note, I have been informed by the agency that the COVID-19 pandemic has impacted the agency's ability to complete the Vaughn Index in this case. The agency  no longer has access to classified systems, where the unredacted versions of documents are stored, because of COVID- 19 related restrictions on physical presence at Department worksites. Accordingly, since the agency will not be able to provide the Vaughn Index by the current due date 4/24, Defendant will move for a temporary stay in this matter updating Plaintiff and the Court every 30 days on the situation and ultimately suggesting new due dates for the Vaughn Index and Pre-Motion hearing when appropriate ( in consultation with Plaintiff).  Please let me know your position on this motion as soon as possible.

Thank you,

Benton

**From:** Gunita Singh <gsingh@rcfp.org>
**Sent:** Friday, February 21, 2020 12:09 PM
**To:** Peterson, Benton (USADC) <BPeterson@usa.doj.gov>
**Cc:** Katie Townsend <ktownsend@rcfp.org>; Caitlin Vogus <cvogus@rcfp.org>; Lieberman, Michael D <LiebermanMD@state.gov>
**Subject:** Re: Good to meet you (case 1:19-cv-01753)

Benton,

Attached is a draft of our JSR with one minor edit in redline indicating that Defendant has asked to have until April 24 to provide the declaration(s) and *Vaughn* Index.

If agreeable to you, I can file this.

Thank you and have a good weekend.

Gunita

> On Feb 20, 2020, at 2:40 PM, Peterson, Benton (USADC) <Benton.Peterson@usdoj.gov> wrote:
>
> Gunita,
>
> Thanks for the draft. Due to the complexity of the documents at issue and the several layers of clearance needed, the agency will require until April 24 for the declaration and Vaughn index.  I have adjusted the dates accordingly. If agreeable, please let me know if you are able to file.
>
> Thanks
> Benton
>
> ---
>
> **From:** Gunita Singh <gsingh@rcfp.org>
> **Sent:** Thursday, February 20, 2020 11:16 AM
> **To:** Peterson, Benton (USADC) <BPeterson@usa.doj.gov>
> **Cc:** Katie Townsend <ktownsend@rcfp.org>; Caitlin Vogus <cvogus@rcfp.org>; Lieberman, Michael D <LiebermanMD@state.gov>
> **Subject:** Re: Good to meet you (case 1:19-cv-01753)
>
> Thank you, Benton.  We have passed the re-redacted Egypt spreadsheet to our clients.
>
> I have attached a redlined version of the JSR for your review.  Per Judge Moss's Standing Order, Rule 10, State will need to provide Plaintiffs with declarations and *Vaughn* indices in advance of the parties' pre-motion conference and submissions.  Our JSR should, therefore, propose a schedule for the necessary prerequisites to filing cross-motions for summary judgment.
>
> If you agree with our edits, I can save a clean version of this to file.  If you have any further edits, please send me a redlined version in advance of Monday's deadline.
>
> Thanks very much.
>
> Gunita

On Feb 19, 2020, at 4:05 PM, Peterson, Benton (USADC) <Benton.Peterson@usdoj.gov> wrote:

Gunita,

Please find attached a corrected version of the Egypt spreadsheet, as described in our previous correspondence.  As I explained, the version of the Egypt spreadsheet that was previously sent to you was inadvertently sent without redactions of two cells containing information exempt under 5 U.S.C. § 552(b)(7)(F).  This version includes those redactions, in rows 929 and 930, Column K.  We appreciate your patience and cooperation as we made this correction, and again ask that you delete the inadvertently released version, or, at a minimum, do not distribute or publicly release the now-redacted information, in light of the risk that such a release would pose to the life or physical safety of multiple individuals.  I will follow up with the corrected Iraq spreadsheet as soon as it is ready for release.  State is currently working to ensure that the corrected version leaves as much information unredacted as possible.

I have also attached a draft of the JSR which I believe is due Monday.  If agreeable, can you let me know if you are available to file?

Regards,
Benton

---

**From:** Gunita Singh <gsingh@rcfp.org>
**Sent:** Monday, February 10, 2020 2:14 PM
**To:** Peterson, Benton (USADC) <BPeterson@usa.doj.gov>
**Cc:** Katie Townsend <ktownsend@rcfp.org>; Caitlin Vogus <cvogus@rcfp.org>; Lieberman, Michael D <LiebermanMD@state.gov>
**Subject:** Re: Good to meet you (case 1:19-cv-01753)

Thanks again, Benton.  As I previously indicated, you have not provided a legal basis for the State Department to insist that our clients destroy or return any records they obtained from the agency in response to their FOIA request, and we do not believe there is any legal basis for the agency to make such an extraordinary request.  That said, we have provided the additional information, below, to our clients and we understand they intend, in good faith, to take this information into consideration when determining how, if it all, to use the Iraq and Egypt spreadsheets released to them on January 17 in connection with their reporting.  Please provide the *further* redacted versions of the Iraq and Egypt spreadsheets that do *not* include the information that the State

Department has expressed concern over as soon as possible, so that we can provide them to our clients.
Thank you,
Gunita

> On Feb 4, 2020, at 2:37 PM, Gunita Singh <gsingh@rcfp.org> wrote:
>
> Benton,
>
> Thank you for providing this additional information. We have passed it along to our clients and will be able to discuss it with them later this week. Therefore, we can circle back with you next week with additional thoughts, questions, or concerns.
>
> Thanks again,
> Gunita
>
>> On Jan 31, 2020, at 4:53 PM, Peterson, Benton (USADC) <Benton.Peterson@usdoj.gov> wrote:
>>
>> Gunita,
>>
>> Thanks for your email. You asked for more detail about the specific information in the two spreadsheets that State believes could endanger the lives of multiple individuals if released publicly. The State Department has provided the following information:
>>
>> **Iraq**
>> The Department intends to add redactions to two types of information on the spreadsheet corresponding to Iraq. First, two rows on the spreadsheet correspond to specific minority units that would be more likely to be targeted by ISIS or Iran-backed militias if it was publicly acknowledged that those units trained with Americans. Accordingly, the Department intends to redact the names and aliases of those two units (4 cells total).
>>
>> Second, some rows of the spreadsheet

correspond to individual commanders of units; those rows include the entry "CMDR" in the "Folder Type" column. From that label and the information in the other unredacted columns (e.g. the unit names), the specific identity of each vetted commander is ascertainable, despite the other redactions that were intended to protect individual identities. An official acknowledgment that these specific Iraqi commanders have been approved for training from the USA, and/or that they lead units that have been approved for training from the USA, puts those commanders at increased risk of being targeted by ISIS or Iran-backed militias, and therefore could reasonably be expected to endanger their life and/or physical safety. Accordingly, we intend to redact the information from which those individual commanders can be identified.

**Egypt**

The Department intends to redact the unit names in two rows of the spreadsheet (2 cells total). Public release of those unit names could reasonably be expected to endanger the life or physical safety of multiple individuals, although the Department is unable to provide any additional detail about the specific threat in an unclassified setting. The Department would, of course, be prepared to defend the redactions in a classified brief to the Court. To be clear, the spreadsheet itself does not contain any classified information, but it is not possible to explain the reason why public release of these unit names could reasonably be expected to endanger the life or physical safety of individuals without revealing classified information.

Finally, just to assuage any potential concern on your end, the Department represents that none of the redactions on either spreadsheet are being proposed to hide or obscure information because of how that information might reflect on the Department's Leahy vetting processes or compliance with applicable law. The Department is proposing these redactions solely to address the concerns reflected in Exemption 7F of the

FOIA.

Please let me know if you have any additional questions, and thank you again for your cooperation as we work through the issues created by this inadvertent release.

Regards,

Benton


**From:** Gunita Singh <gsingh@rcfp.org>
**Sent:** Monday, January 27, 2020 5:06 PM
**To:** Peterson, Benton (USADC) <BPeterson@usa.doj.gov>
**Cc:** Katie Townsend <ktownsend@rcfp.org>; Caitlin Vogus <cvogus@rcfp.org>; Lieberman, Michael D <LiebermanMD@state.gov>
**Subject:** Re: Good to meet you (case 1:19-cv-01753)

Benton, thanks for your email.

We've reviewed Federal Rule of Evidence 502(b), Federal Rule of Civil Procedure 26(b)(5)(B) and the D.C. Bar opinion that you cite, all of which concern the inadvertent disclosure of attorney-client privileged/work product material in the context of civil discovery.  None of them are applicable here.  And, contrary to your email, there are many reasons why "the same rules would not apply" to disclosures – inadvertent or otherwise – in the context of FOIA.

We would expect the State Department to be able to justify its extraordinary request that our clients – a reporter and a news organization – destroy materials they lawfully received pursuant to FOIA with something other than inapplicable legal citations and vague, conclusory assertions.

We, of course, reviewed the production

after we received it and prior to your email on Friday, as did our client, and it is unclear to us what information State is even referring to. To the extent State has additional information it would like to provide to our clients regarding the specific information in the two spreadsheets at issue that State now contends "could endanger the lives of multiple individuals" if disseminated, we would be happy to facilitate that discussion.

Thank you,
Gunita

<image002.jpg> Gunita Singh
Jack Nelson/Dow Jones Foundation Legal Fellow
gsingh@rcfp.org · (202) 800-3531 · @gunita_singh
1156 15th St. NW, Suite 1020, Washington DC 20005
RCFP Legal Defense Hotline
· www.rcfp.org/hotline

On Mon, Jan 27, 2020 at 11:08 AM Peterson, Benton (USADC) <Benton.Peterson@usdoj.gov> wrote:

> Gunita,
>
> Thank you for your quick response and your agreement to maintain the status quo over the weekend – we really appreciate your cooperation and apologize for any inconvenience we've caused.
>
> In response to your question, Federal Rule of Evidence 502(b) provides that an inadvertent disclosure does not waive an applicable privilege if the privilege-holder takes reasonable steps to rectify the error, and

Federal Rule of Civil Procedure 26(b)(5)(B) states (among other things) that the party who receives an inadvertent disclosure "must promptly return, sequester, or destroy the specified information and any copies it has" and "must not use or disclose the information until the claim is resolved."  While these rules apply most directly to civil discovery, there is no reason why the same rules would not apply to inadvertent disclosures in FOIA.  I would also flag that the DC Rules of Professional Responsibility require the return of inadvertently disclosed material if the receiving lawyer gains knowledge of the inadvertence of the disclosure before examining the privileged material (Ethics Opinion 256).

More importantly, from a practical perspective, the State Department is making a good-faith representation that certain information in the spreadsheets could endanger the lives of multiple individuals.  You would certainly have the right to challenge any redactions that the Department adds to the spreadsheets, but we hope you agree that the high stakes here make it both important and appropriate to resolve any such challenges before disseminating the information at issue.  While I recognize that this might be a closer call if we were dealing with deliberative-process redactions, the fact that these are B7F redactions should, I think, militate in favor of agreeing to State's request.

Regards,
Benton

**From:** Gunita Singh <gsingh@rcfp.org>
**Sent:** Saturday, January 25, 2020 11:12 AM
**To:** Peterson, Benton (USADC) <BPeterson@usa.doj.gov>
**Cc:** Katie Townsend <ktownsend@rcfp.org>; Caitlin Vogus <cvogus@rcfp.org>; Lieberman, Michael D <LiebermanMD@state.gov>
**Subject:** Re: Good to meet you (case 1:19-cv-01753)

Benton,

We received your email. Please provide the legal basis for State's request that we "delete and destroy all copies" of the spreadsheets corresponding to Iraq and Egypt that were released on January 17 because, "[u]pon further review," State has determined they "may contain information that should have been redacted under FOIA Exemption 7F."

For your information, as I'm sure you would anticipate, our clients have the January 17 production you refer to in your email, as we provided it to them when we received it last Friday. It is my understanding that they have not yet published the two spreadsheets referred to in your email, or any information contained in them. Nor have they, at this point in time, shared those records with others. We have advised our clients to maintain the status quo and, for the time being, not to publish or disseminate information in those two spreadsheets.

We look forward to your response. Thank you.

Gunita

Gunita Singh
Jack Nelson/Dow Jones Foundation Legal Fellow
gsingh@rcfp.org · (202) 800-3531 · @gunita_singh
1156 15th St. NW, Suite 1020, Washington DC 20005
RCFP Legal Defense Hotline
· www.rcfp.org/hotline

On Fri, Jan 24, 2020 at 6:12 PM Peterson, Benton (USADC) <Benton.Peterson@usdoj.gov> wrote:

> Gunita,
>
> I write regarding the production sent to you on January 17, 2020 in FOIA case number F-2017-17811, civil action number 19-cv-01753.  Upon further review, the Department of State has determined that the spreadsheets corresponding to Iraq and Egypt may contain information that should have been redacted under FOIA Exemption 7F, which applies to law-enforcement information whose disclosure would endanger the life or physical safety of an individual.  We ask that you delete or destroy all copies of those two spreadsheets, including from any websites on which they may be posted, and to provide the same instruction to anyone with whom you may have shared those two spreadsheets.  The Department will then assess whether any additional redactions are necessary and will re-release the spreadsheets to you as soon as possible.
>
> Please reply to this email to confirm your receipt and that you have taken or will take the steps described above.  The Department apologizes for any inconvenience.
>
> Regards,
> Benton
>
> ---
>
> **From:** Gunita Singh <gsingh@rcfp.org>
> **Sent:** Thursday, January 23, 2020 1:23 PM
> **To:** Peterson, Benton (USADC) <BPeterson@usa.doj.gov>
> **Cc:** Katie Townsend <ktownsend@rcfp.org>; Caitlin Vogus <cvogus@rcfp.org>
> **Subject:** Re: Good to meet you (case 1:19-cv-01753)
>
> Thanks, Benton. Yes, we are able to file

this.

> On Jan 23, 2020, at 11:44 AM, Peterson, Benton (USADC) <Benton.Peterson@usdoj.gov> wrote:
>
> Thanks Gunita,
>
> Here is a slightly edited version. If agreeable please confirm if you are able to file.
>
> Regards,
> Benton
>
> ---
>
> **From:** Gunita Singh <gsingh@rcfp.org>
> **Sent:** Thursday, January 23, 2020 10:03 AM
> **To:** Peterson, Benton (USADC) <BPeterson@usa.doj.gov>
> **Cc:** Katie Townsend <ktownsend@rcfp.org>; Caitlin Vogus <cvogus@rcfp.org>
> **Subject:** Re: Good to meet you (case 1:19-cv-01753)
>
> Good morning, Benton.
>
> Attached is a draft of our JSR due tomorrow. Feel free to take the day to look it over; if you could send it back to us early tomorrow (Friday), that will give us time to go over any edits you might have with our clients. Thank you.
>
> Gunita
>
>> On Jan 22, 2020, at 1:23 PM, Gunita Singh <gsingh@rcfp.org>