THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**100REPORTERS**

and

**DOUGLAS GILLISON**

      Plaintiffs,

  v.

**DEPARTMENT OF STATE**,

      Defendant.

Case No. 1:19-cv-1753

## DECLARATION OF CAITLIN VOGUS

I, Caitlin Vogus, declare as follows:

1. From September 2017 through December 2020, I was a staff attorney at the Reporters Committee for Freedom of the Press ("RCFP" or "Reporters Committee"), an unincorporated nonprofit association located in Washington, D.C. From January to February 11, 2021, I was a senior staff attorney at RCFP. At all relevant times, I was one of the RCFP attorneys representing 100Reporters and Douglas Gillison ("Plaintiffs") in connection with the FOIA requests at issue in this litigation.

2. I make this declaration in support of Plaintiffs' Cross-Motion for Partial Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment. I have personal knowledge of the matters stated in this declaration.

1

3.  On December 15, 2017, I submitted two FOIA requests on behalf of Plaintiffs to the U.S. Department of State via fax, true and correct copies of which are attached hereto as **Exhibit 1** and **Exhibit 2**.

4.  On March 19, 2018, I, on behalf of Plaintiffs, narrowed the scope of the Second Request, *see* Ex. 2, to records from the INVEST system from January 1, 2017 onward for the following countries: Iraq, Afghanistan, Egypt, Mexico, Colombia, Philippines, Cambodia, and Bangladesh.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of February 2021 in Washington, D.C.

*/s/ Caitlin Vogus*

Caitlin Vogus

# EXHIBIT 1



*1156 15th St. NW, Suite 1250*
*Washington, D.C. 20005*
*(202) 795-9300*
*www.rcfp.org*

Bruce D. Brown
*Executive Director*
bbrown@rcfp.org
*(202) 795-9301*

---

STEERING COMMITTEE

STEPHEN J. ADLER
Reuters
SCOTT APPLEWHITE
The Associated Press
WOLF BLITZER
CNN
DAVID BOARDMAN
Temple University
CHIP BOK
Creators Syndicate
MANNY GARCIA
USA TODAY NETWORK
ALEX GIBNEY
Jigsaw Productions
SUSAN GOLDBERG
National Geographic
JAMES GRIMALDI
The Wall Street Journal
LAURA HANDMAN
Davis Wright Tremaine
JOHN C. HENRY
Freelance
KAREN KAISER
The Associated Press
DAVID LAUTER
Los Angeles Times
DAHLIA LITHWICK
Slate
MARGARET LOW
The Atlantic
TONY MAURO
National Law Journal
JANE MAYER
The New Yorker
ANDREA MITCHELL
NBC News
MAGGIE MULVIHILL
Boston University
JAMES NEFF
Philadelphia Media Network
CAROL ROSENBERG
The Miami Herald
THOMAS C. RUBIN
Quinn Emanuel
CHARLIE SAVAGE
The New York Times
BEN SMITH
BuzzFeed
JENNIFER SONDAG
Bloomberg News
PIERRE THOMAS
ABC News
SAUNDRA TORRY
USA TODAY
JUDY WOODRUFF
PBS/The NewsHour

*Senior Advisor:*
PAUL STEIGER
ProPublica

Affiliations appear only
    for purposes of identification.

December 15, 2017

Office of Information Programs and Services
A/GIS/IPS/RL, SA-2, Ste 8100
US Department of State
Washington, DC 20522-0208
United States of America
(202) 261-8579 (Facsimile)

**VIA FACSIMILE**

**Re: Freedom of Information Act Request**

Dear FOIA Officer,

This letter constitutes a request under the Freedom of Information Act, 5 USC § 552 ("FOIA"), and is submitted on behalf of my clients, 100Reporters and journalist Douglas Gillison.

I.     Records Requested

Pursuant to FOIA, 100Reporters and Mr. Gillison request the following records:

- Copies of all guides, manuals, instructions or directions pertaining to the vetting of foreign military and security personnel and/or units under statutes commonly known as the Leahy Laws provided by the Bureau of Democracy, Human Rights and Labor at the U.S. Department of State ("State Department") to State Department staff and/or to U.S. embassies, consulates, missions, or other foreign posts from January 1, 2014 to the date on which processing of this request commences; and

- The "Report on Government Police Training and Equipping Programs" submitted to Congress pursuant to §1235(c) of the Ike Skelton National Defense Authorization Act for Fiscal Year 2011 and copies of all "Reports on Government Police Training and Equipping Programs" submitted to Congress in subsequent fiscal years.

100Reporters and Mr. Gillison ask that documents be released in electronic format via email to cvogus@rcfp.org. If electronic documents cannot be released via email, 100Reporters and Mr. Gillison ask that they be provided on a CD-ROM to Caitlin Vogus at the address listed below.

II.    Additional Background Information

To assist with the search for these records, I am providing the following additional background information:

- This request is for records related to the State Department's compliance with and implementation of the Leahy Laws. The Leahy Laws prohibit the United States from providing training or other assistance to foreign security services that have committed gross violations of human rights.

- The Leahy Laws are codified at Section 362 of Title 10 of the United States Code and in the Foreign Assistance Act of 1961, as amended §620(M), codified at section 2378 of Title 22 of the United States Code. In fiscal year 2015 and years prior, the prohibition on the Department of Defense providing training or other assistance to foreign security services that have committed gross violations of human rights was contained in recurring provisions to annual defense appropriations. See for example Section 8057 of the Consolidated Appropriations Act, 2014 (Pub. L. No. 113-76).

- To comply with the Leahy Laws, components of the U.S. government that wish to provide training or assistance to individuals who are members of foreign security services nominate those individuals to the State Department. State Department personnel, including by not limited to personnel at United States embassies and consulates and personnel in the Bureau of Democracy, Human Rights, and Labor, then vet the individuals to determine whether they have committed human rights violations. State Department personnel use the INVEST system to process, document, and track human rights vetting requests. When vetting is complete, the State Department communicates its vetting determinations to the U.S. government component who nominated the individual for training.

III.    Fee Categorization and Request for Fee Waiver

As representatives of the news media, 100Reporters and Mr. Gillison are required to pay for only the direct cost of duplication after the first 100 pages. 5 U.S.C. §§ 552(a)(4)(A)(ii)(II), 552(a)(4)(A)(iv)(II). By their request, 100Reporters and Mr. Gillison are gathering information that relates to the State Department's nomination of foreign military and security personnel pursuant to the Leahy Laws and the vetting of foreign military and security personnel pursuant to the Leahy Laws, matters of public interest. 100Reporters and Mr. Gillison seek this information in order to disseminate it to the general public through their reporting, including on 100Reporters' website, https://100r.org/.[1]

---

[1] Since its founding, 100Reporters' reporting has reached more than 29 million readers and viewers through its website and through collaboration with other news outlets including *The New York Times*, *The Washington Post*, *The Denver Post*, *Indian Country Today*, and PRI's *The World*.

2

In addition, 100Reporters and Mr. Gillison request that you waive any applicable fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Release of the information in the records sought by this request is in the public interest because it will contribute significantly to public understanding of government operations and activities. Information gathered through this request will help the public understand how the State Department complies with its obligations under the Leahy Laws. The U.S. government's implementation of the Leahy Laws is of legitimate interest to the public and have been the subject of numerous news stories.[2] This request is not primarily in the commercial interest of 100Reporters or Mr. Gillison. 100Reporters is a non-profit investigative news organization. The information sought will be freely disseminated to the general public through publication by 100Reporters.

If their request for a fee waiver is denied, 100Reporters and Mr. Gillison are willing to pay up to $25.00 to process this request. Please inform Caitlin Vogus in advance if the fees for this request will exceed that amount.

IV.     Conclusion

If this request is denied in whole or part, please justify all such denials by reference to specific exemptions of FOIA and provide an explanation of why the State Department "reasonably foresees that disclosure would harm an interest" protected by that exemption or why "disclosure is prohibited by law[.]" 5 U.S.C. § 552(a)(8). Please also ensure that all segregable portions of otherwise exempt material are released.

100Reporters and Mr. Gillison look forward to your response with twenty business days, as required by FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

Please do not hesitate to contact me at cvogus@rcfp.org or (202) 795-9315 if you have any questions about this request.

Regards,

Caitlin Vogus
The Reporters Committee for Freedom of the Press
1156 15th St. NW, Suite 1250
Washington, DC 20005
(202) 795-9315
cvogus@rcfp.org

CC:    Diana Schemo, 100Reporters
       Douglas Gillison

---

[2] *See, e.g., See* Douglas Gillison, Nick Turse, & Moiz Syed, *Training the Planet: America's Vast Global Network to Instruct Foreign Security Forces Gets Scant Oversight*, 100Reporters (July. 13, 2016), https://100r.org/2016/07/training-the-planet/; Megha Rajagopala, *How US Dollars Are Helping The Philippines' Bloody Drug War*, BuzzFeed (Nov. 28, 2016), https://perma.cc/2HLP-2HNL.

3

# EXHIBIT 2



*1156 15th St. NW, Suite 1250*
*Washington, D.C. 20005*
*(202) 795-9300*
*www.rcfp.org*

Bruce D. Brown
*Executive Director*
bbrown@rcfp.org
*(202) 795-9301*

STEERING COMMITTEE

STEPHEN J. ADLER
Reuters
SCOTT APPLEWHITE
The Associated Press
WOLF BLITZER
CNN
DAVID BOARDMAN
Temple University
CHIP BOK
Creators Syndicate
MANNY GARCIA
USA TODAY NETWORK
ALEX GIBNEY
Jigsaw Productions
SUSAN GOLDBERG
National Geographic
JAMES GRIMALDI
The Wall Street Journal
LAURA HANDMAN
Davis Wright Tremaine
JOHN C. HENRY
Freelance
KAREN KAISER
The Associated Press
DAVID LAUTER
Los Angeles Times
DAHLIA LITHWICK
Slate
MARGARET LOW
The Atlantic
TONY MAURO
National Law Journal
JANE MAYER
The New Yorker
ANDREA MITCHELL
NBC News
MAGGIE MULVIHILL
Boston University
JAMES NEFF
Philadelphia Media Network
CAROL ROSENBERG
The Miami Herald
THOMAS C. RUBIN
Quinn Emanuel
CHARLIE SAVAGE
The New York Times
BEN SMITH
BuzzFeed
JENNIFER SONDAG
Bloomberg News
PIERRE THOMAS
ABC News
SAUNDRA TORRY
USA TODAY
JUDY WOODRUFF
PBS/The NewsHour

Senior Advisor:
PAUL STEIGER
ProPublica

Affiliations appear only
   for purposes of identification.

December 15, 2017

Office of Information Programs and Services
A/GIS/IPS/RL, SA-2, Ste 8100
US Department of State
Washington, DC 20522-0208
United States of America
(202) 261-8579 (facsimile)

**VIA FACSIMILE**

**Re: Freedom of Information Act Request**

Dear FOIA Officer,

This letter constitutes a request under the Freedom of Information Act, 5 USC § 552 ("FOIA"), and is submitted on behalf of my clients, 100Reporters and journalist Douglas Gillison.

I.  Records Requested

Pursuant to the FOIA, 100Reporters and Mr. Gillison request all records prepared, collected or maintained by the Department of State (the "State Department") pertaining to the **nomination** and/or **vetting** of foreign military and security personnel and/or units for U.S. training or assistance pursuant to statutes commonly known as the Leahy Laws.  100Reporters and Mr. Gillison seek all records responsive to their request covering the period between January 1, 2014 and the date on which processing of this request commences.  These records, as requested by 100Reporters and Mr. Gillison, include but are not limited to the following:

- All records consisting of, containing, or reflecting the names and any other identifying information of foreign individuals and/or units vetted by State Department personnel for U.S. training or assistance;

- All entries in the State Department's International Vetting and Security Tracking System, also known as INVEST, in any other similarly dedicated throughput/workflow management and knowledge management systems used to process, document, track, or otherwise record the vetting foreign individuals and/or units for U.S. training or assistance, and all records these systems may contain;

- Message traffic, cables and emails, or record-keeping copies, in which State Department personnel or others U.S. government personnel nominate specific foreign individuals and/or units for U.S. training or other assistance;

- Message traffic, cables and emails, or record-keeping copies, in which State Department personnel consider or discuss specific foreign individuals and/or units who have been nominated for U.S. training or other assistance;

- Message traffic, cables and emails, or record-keeping copies, in which States Department personnel communicate a final determination of a foreign individual's and/or unit's eligibility for U.S. training or other assistance under the Leahy Laws.

- All documents in which the process of vetting specific units or individuals for their eligibility to receive United States training or assistance under the Leahy Laws is discussed;

- Decision memoranda in which the process of vetting specific units or individuals for their eligibility to receive United States training or assistance under the Leahy Laws is discussed and/or decisions to allow or deny assistance are discussed or recorded;

100Reporters and Mr. Gillison ask that documents be released in electronic format via email to cvogus@rcfp.org. If electronic documents cannot be released via email, 100Reporters and Mr. Gillison ask that they be provided on a CD-ROM to Caitlin Vogus at the address listed below.

II.   Additional Background Information

To assist with the search for these records, I am providing the following additional background information:

- This request is for records related to the State Department's compliance with and implementation of the Leahy Laws. The Leahy Laws prohibit the United States from providing training or other assistance to foreign security services that have committed gross violations of human rights.

- The Leahy Laws are codified at Section 362 of Title 10 of the United States Code and in the Foreign Assistance Act of 1961, as amended §620(M), codified at section 2378 of Title 22 of the United States Code. In fiscal year 2015 and years prior, the prohibition on the Department of Defense providing training or other assistance to foreign security services that have committed gross violations of human rights was contained in recurring provisions to annual defense appropriations. See for example Section 8057 of the Consolidated Appropriations Act, 2014 (Pub. L. No. 113-76).

- To comply with the Leahy Laws, components of the U.S. government that wish to provide training or assistance to individuals who are members of foreign security services nominate those individuals to the State Department. State Department personnel, including by not limited to personnel at United States embassies and

2

consulates and personnel in the Bureau of Democracy, Human Rights, and Labor, then vet the individuals to determine whether they have committed human rights violations. State Department personnel use the INVEST system to process, document, and track human rights vetting requests. When vetting is complete, the State Department communicates its vetting determinations to the U.S. government component who nominated the individual for training.

III. <u>Fee Categorization and Request for Fee Waiver</u>

As representatives of the news media, 100Reporters and Mr. Gillison are required to pay for only the direct cost of duplication after the first 100 pages. 5 U.S.C. §§ 552(a)(4)(A)(ii)(II), 552(a)(4)(A)(iv)(II). By their request, 100Reporters and Mr. Gillison are gathering information that relates to the State Department's nomination of foreign military and security personnel pursuant to the Leahy Laws and the vetting of foreign military and security personnel pursuant to the Leahy Laws, matters of public interest. 100Reporters and Mr. Gillison seek this information in order to disseminate it to the general public through their reporting, including on 100Reporters' website, https://100r.org/.[1]

In addition, 100Reporters and Mr. Gillison request that you waive any applicable fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Release of the information in the records sought by this request is in the public interest because it will contribute significantly to public understanding of government operations and activities. Information gathered through this request will help the public understand how the State Department complies with its obligations under the Leahy Laws. The U.S. government's implementation of the Leahy Laws is of legitimate interest to the public and have been the subject of numerous news stories.[2] This request is not primarily in the commercial interest of 100Reporters or Mr. Gillison. 100Reporters is a non-profit investigative news organization. The information sought will be freely disseminated to the general public through publication by 100Reporters.

If their request for a fee waiver is denied, 100Reporters and Mr. Gillison are willing to pay up to $25.00 to process this request. Please inform Caitlin Vogus in advance if the fees for this request will exceed that amount.

---

[1] Since its founding, 100Reporters' reporting has reached more than 29 million readers and viewers through its website and through collaboration with other news outlets including *The New York Times*, *The Washington Post*, *The Denver Post*, *Indian Country Today*, and PRI's *The World*.

[2] *See, e.g., See* Douglas Gillison, Nick Turse, & Moiz Syed, *Training the Planet: America's Vast Global Network to Instruct Foreign Security Forces Gets Scant Oversight*, 100Reporters (July. 13, 2016), https://100r.org/2016/07/training-the-planet/; Megha Rajagopala, *How US Dollars Are Helping The Philippines' Bloody Drug War*, BuzzFeed (Nov. 28, 2016), https://perma.cc/2HLP-2HNL.

3

IV.     Conclusion

If this request is denied in whole or part, please justify all such denials by reference to specific exemptions of FOIA and provide an explanation of why the State Department "reasonably foresees that disclosure would harm an interest" protected by that exemption or why "disclosure is prohibited by law[.]" 5 U.S.C. § 552(a)(8). Please also ensure that all segregable portions of otherwise exempt material are released.

100Reporters and Mr. Gillison look forward to your response with twenty business days, as required by FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

Please do not hesitate to contact me at cvogus@rcfp.org or (202) 795-9315 if you have any questions about this request.

Regards,

*Caitlin Vogus*
Caitlin Vogus
The Reporters Committee for Freedom of the Press
1156 15th St. NW, Suite 1250
Washington, DC 20005
(202) 795-9315
cvogus@rcfp.org

CC:   Diana Schemo, 100Reporters
      Douglas Gillison

4